**SO ORDERED.**

**SIGNED this 23 day of September, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MISTY ALEISHA NASSEF,                                    CASE NO. 10-05615-8-JRL
                                                                              CHAPTER 7
    Debtor
_____

## ORDER

This matter is before the court on the creditor's motion for relief from the automatic stay so that it may foreclose upon its security interest in debtor's personal residence. A hearing was held on September 22, 2010 in Wilmington, North Carolina to consider the motion.

Debtor filed for relief under chapter 7 of the Bankruptcy Code on July 26, 2010 after unsuccessfully attempting to modify her home loan with SunTrust Mortgage, Inc. Debtor is in default on her loan with SunTrust, with arrearage through July 30, 2010 totaling $10,708.75. Debtor's total payoff on her loan is in excess of $91,138.18. The fair market value of debtor's personal residence is $120,000, and the tax value is $137,712.00.

Debtor's counsel at hearing claimed that the arrearage was incurred by debtor intentionally, as a result of the debtor's belief that such arrearage was necessary to trigger SunTrust's willingness to modify. This belief by debtor was apparently the result of communications with SunTrust

suggesting as much. SunTrust, however, subsequently denied debtor's request to modify, only to invite her to reapply for loan modification three days later. Debtor no longer seeks a modification due to the seemingly insurmountable arrearage now due. Debtor instead seeks time in order to sell the residence and pay off her balance with SunTrust.

The fact that debtor received contradictory information from SunTrust, while not excusing or justifying debtor's incurring of arrearage and default, does justify giving her time to attempt a sale of the property in order to pay her indebtedness. Despite SunTrust's claim that it is not adequately protected, the difference between the uncontested fair market value of $120,000 and the payoff amount of $91,138.18 shows equity in the property sufficient to rebut SunTrust's claim that it is not adequately protected in terms of §§ 362(d)(1) and (2). Figures submitted by both SunTrust and the debtor suggest there is approximately $20-30,000 in equity in the property.

## **CONCLUSION**

Based on the foregoing, the automatic stay will be lifted 60 days from September 22, 2010, giving debtor the intervening time to attempt a sale of the property.

**"END OF DOCUMENT"**